UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VOLTAIRE CONSTANT,
    Plaintiff,

v.

BROCKTON POST OFFICE,
    Defendant.

CIVIL ACTION NO.
12-10465-RWZ

## MEMORANDUM AND ORDER FOR DISMISSAL

ZOBEL, D. J.

### BACKGROUND

On March 8, 2012, plaintiff Voltaire Constant ("Constant") filed a Complaint against the Brockton Post Office alleging amorphous claims of harassment and discrimination with respect to the non-delivery and/or late delivery of his mail. In particular, he references the late delivery of a Capital One credit card and the non-delivery of letters he sent by certified mail to the White House and the Pentagon.

As relief, Constant sought, *inter alia*, to have his mail carrier transferred to another town because every time he sees him he becomes sick because he is afraid to speak to him.

On April 4, 2011, Magistrate Judge Bowler issued a Memorandum and Order (Docket No. 4) granting Constant's Motion for Leave to Proceed *in forma pauperis* and directing Constant to demonstrate good cause why this action should not be dismissed. Specifically, the Memorandum and Order discussed the legal impediments to Constant's claims, including the failure to state plausible claims against the Defendant in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the lack of *respondeat superior* liability of the Brockton Post Office in connection with civil rights claims, and the sovereign immunity of the Brockton Post

Office.

On May 10, 2012, Constant filed a Show Cause Response (Docket No. 5). The Response is in narrative letter form and is not entirely intelligible. Constant does not address the legal impediments referenced in Magistrate Judge Bowler's Memorandum and Order. Rather, he begs the Court for justice, asserting that he suffers serious medical and mental health problems and is under a lot of medication on a daily basis. He again asserts that he has been tormented for months and cannot talk to his mail carrier because he is a federal worker and is in a union that protects his position. Additionally, he reiterates his claim that the mail carrier has kept his mail sent to the White House and the Pentagon. He indicates he paid $35.00 for the money order and claims this was kept for eight days, resulting in his missing a deadline; however, he fails to provide any context for these allegations. Further, Constant alleges his mail carrier committed a crime that caused his blood pressure to rise and caused him to contemplate suicide because he cannot find justice. He claims he is exhausted from having to face his mail carrier every day.

Plaintiff asks this Court to "see me face to face with this criminal who been torment [sic] me to death since [sic] months." Id. at 3. He asserts he has been in the United States for twelve years and has lived eleven years in the same apartment. He submits that he is a peaceful person, as evidenced by the fact that in all that time he never had any disagreements with neighbors and remained drug, alcohol, and smoke free.

In light of the Response, this action was reassigned from Magistrate Judge Bowler on May 15, 2012 to the undersigned.

DISCUSSION

I. <u>The Show Cause Response Fails to Demonstrate Good Cause</u>

The Show Cause Response is insufficient to demonstrate good cause why this action should not be dismissed. Constant sets forth no facts to clarify his claims in accordance with Rule 8, as directed. Indeed, his Response is as confusing as the original Complaint and it utterly fails to set forth any plausible claims against the Brockton Post Office based on harassment or discrimination. Moreover, Constant fails to address the other legal impediments to his claim, including the lack of *respondeat superior* liability for alleged actions of his mail carrier and the sovereign immunity of the Brockton Post Office.

In sum, plaintiff's conclusory and factually unsupported allegations of criminal behavior by his mail carrier, and his statements concerning his declining medical and mental health as a result, simply do not provide a legal basis for this Court to permit this action to proceed further. It would be immensely unfair to the Defendant to permit this action to proceed under these circumstances.

Finally, as Magistrate Judge Bowler noted in her Memorandum and Order, Constant's allegations are frivolous within the meaning of 28 U.S.C. § 1915. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992) (claim is frivolous, within the meaning of 28 U.S.C. § 1915, when "the facts alleged rise to the level of the irrational or the wholly incredible"). Upon review of the record, it is clear that these claims are without merit.

Accordingly, this action is <u>DISMISSED</u> pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i),(ii), and (iii).[1]

II.     Certification That Any Appeal Would Not Be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court finds, and hereby CERTIFIES, that any appeal by Constant of the matters contained in this Memorandum and Order would not be taken in good faith.  Such a certification prohibits *in forma pauperis* status on appeal even though Constant has been found to be indigent.

"[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  Ellis v. United States, 356 U.S. 674 (1958)(*per curiam*); see Wooten v. District of Columbia Metropolitan Police Department, 129 F.3d 206, 208 (D.C. Cir. 1997).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  That is the case here.  Thus, for the reasons set forth in Magistrate Judge Bowler's Memorandum and Order and for the reasons stated herein, this Court finds that any appeal would not deserve additional judicial attention.

Should Constant seek to appeal the dismissal of this action, he must pay the $455.00 appellate filing and docketing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

A copy of this Memorandum and Order shall be transmitted to the First Circuit's Clerk's Office.

---

[1] This Court need not afford Constant any further opportunity to show cause, as this would be an exercise in futility.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action is <u>DISMISSED</u> in its entirety; and judgement may be entered accordingly; and

2. The Court <u>CERTIFIES</u> that any appeal of the dismissal of this action would not be taken in good faith.


SO ORDERED.


                                          <u>/s/ Rya W. Zobel</u>
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE

DATED: May 17, 2012